UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YORBELYS LARA HERNANDEZ,

      Petitioner,

    v.                           Case No.:  2:26-cv-01774-SPC-KRH

WARDEN, FLORIDA SOFT-SIDED
FACILITY,

      Respondent,

---

## OPINION AND ORDER

Before the Court are petitioner Yorbelys Lara Hernandez's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 6).

Lara Hernandez is a native of Cuba who was paroled into the United States on June 6, 1980, and later became a lawful permanent resident. After multiple felony convictions, an immigration judge ordered him removed to Cuba on February 25, 2008. Immigration and Customs Enforcement could not execute the removal order, so it released Lara Hernandez on an order of supervision.

On December 7, 2025, local law enforcement arrested Lara Hernandez for possession of drug paraphernalia, harassing communication, and probation violation, and ICE issued an immigration detainer. On February 20, 2026, ICE took custody of Lara Hernandez and revoked his release under 8 C.F.R. § 241.13(i) because he violated a condition of the order of supervision. ICE

conducted an informal interview and took Lara Hernandez into custody that day.  Lara Hernandez argues his detention is unjustified, excessive, and unreasonable.

Lara Hernandez's current detention is lawful.  8 C.F.R. § 241.13(i) allows ICE to revoke release when a noncitizen violates a condition of release.  Lara Hernandez does not dispute that his recent arrest was a violation of a condition of his order of supervision.  ICE complied with § 241.13(i) by providing Lara Hernandez written notice of the reason for revocation and an opportunity to address it reasons in an informal interview.  Lara Hernandez "may be continued in detention for an additional six months in order to effect [his] removal, if possible, and to effect the conditions under which [he] had been released."  8 C.F.R. § 241.13(i)(1).  After that six-month period, Lara Hernandez may request review of his detention by the HQPDU.  *See* 8 C.F.R. § 241.13(j).

It appears ICE has thus far complied with the applicable regulation and afforded Lara Hernandez the process he is due.  His detention is lawful.

Accordingly, it is hereby

**ORDERED:**

Yorbelys Lara Hernandez's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**.  The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on June 11, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record